IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MOUNDSVILLE WATER BOARD

    Plaintiff,

v.  Civil Action No. 5:09CV113
(STAMP)

SHOOK, INC. HEAVY & ENVIRONMENTAL DIVISION,
LIBERTY MUTUAL INSURANCE COMPANY,
and GLEN P. CROUSE,

    Defendants,

and

SHOOK, INC. HEAVY & ENVIRONMENTAL DIVISION,

    Plaintiff,

v.  Civil Action No. 5:10CV28
(STAMP)

CITY OF MOUNDSVILLE WATER BOARD,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT GLEN P. CROUSE'S
MOTION TO DISMISS**

I. Procedural History

On September 18, 2009, the plaintiff filed this breach of contract action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging breach of contract, breach of duty of good faith and fair dealing, unjust enrichment and quantum meruit, breach of performance bond and violation of the West Virginia Unfair Trade Practices Act ("UTPA"). On October 13, 2009, the defendants filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiff then

filed a motion to remand to which the defendants separately responded. The plaintiff then filed a reply. Thereafter, this Court entered a stay on filing and discovery until a decision was rendered on the plaintiff's motion to remand. This Court denied the plaintiff's motion to remand and lifted the stay on filing and discovery.

On March 16, 2010, the plaintiff in this action, City of Moundsville Water Board, filed a motion to consolidate this case with the separate Civil Action No. 5:10CV28.[1] Accordingly, this Court granted the unopposed motion to consolidate the two actions.

Additionally, defendant Crouse filed a motion to dismiss the plaintiff's claim against him. This Court denied defendant Crouse's motion to dismiss without prejudice. Crouse subsequently re-filed a motion to dismiss supported by an accompanying memorandum of law pursuant to Local Rule of Civil Procedure 7.02(a). The plaintiff filed a response to this motion and Crouse responded in turn.

For the reasons stated below, this Court finds that the defendant Crouse's motion to dismiss Count IV of the complaint as it relates to him must be granted.

---

[1] Civil Action No. 5:10CV28 was initially brought in the United States District Court for the Southern District of Ohio, Western Division.

## II. Facts[2]

The plaintiff, Moundsville Water Board, a West Virginia municipal utility, alleges that defendant Shook, Inc. Heavy & Environmental Division ("Shook") performed defective work in constructing a new water treatment facility for the plaintiff. The plaintiff sued Shook, Liberty Mutual Insurance Company ("Liberty Mutual"), which executed a performance bond concerning Shook's performance, and Glen P. Crouse ("Crouse"), who countersigned the performance bond as a resident agent.

The plaintiff asserts that defendant Crouse, as a resident agent who countersigned the performance bond, is liable on the bond and therefore is a proper party to this action. In contrast, Crouse argues that the plaintiff has failed to state a claim against him because he is not a party to the underlying contract, nor is he liable on the bond.

## III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must accept all well-pled facts contained in the complaint as true. Nemet Chevrolet, Ltd v. Consumeraffairs.com, Inc, 591 F.3d 250, 255 (4th Cir. 2009). However, "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement fail to

---

[2] For purposes of deciding this motion, the facts are based upon the allegations contained in the complaint.

constitute well-pled facts for Rule 12(b)(6) purposes." Id. (citing Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009)). This Court also declines to consider "unwarranted inferences, unreasonable conclusions, or arguments." Wahi v. Charleston Area Med. Ctr., Inc., 562 F.3d 599, 615 n.26 (4th Cir. 2009).

The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (3d ed. 1998). The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact. Id. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357.

A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Facial plausibility is established once the factual content of a complaint

'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 256 (quoting Iqbal, 129 S. Ct. at 1949). Detailed factual allegations are not required, but the facts alleged must be sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

## IV. Discussion

The plaintiff asserts a cause of action against defendants Crouse and Liberty Mutual for breach of insurance bond. In support of this claim as it relates to Crouse, the plaintiff relies upon three main arguments: (1) an exception apples in this case to the general rule that insurance agents acting within the scope of their employment cannot be individually liable in tort or contract; (2) the presence of Crouse's signature on the contract makes him a party to the agreement under the basic principles of contract interpretation; and (3) Crouse is liable on the bond on the basis of West Virginia Code § 55-8-7. This Court disagrees with the plaintiff's contentions.

As previously referenced, the general rule in West Virginia is that an insurance agent may not be sued in contract or tort when acting in the scope of his authority. Shrewsbery v. Nat'l Grange Mut. Ins. Co., 395 S.E.2d 745, 748 (W. Va. 1990); Hoon v. Hyman, 105 S.E. 925 (W. Va. 1921). Case law provides only limited exceptions to the general rule. One such exception is that an

insurance agent may be directly liable to an insured when the agent creates a reasonable expectation of insurance coverage. See Lawson v. Am. Gen. Assur. Co., 455 F. Supp. 2d 526, 531 (S.D. W. Va. 2006) (citing Keller v. First Nat'l Bank, 403 S.E.2d 424 (W. Va. 1991)). The plaintiff also relies upon a special relationship standard, however this exception neither applies in this case nor has it been expressly established under West Virginia Law. See Hill, Peterson, Carper, Bee & Deitzler, P.L.L.C. v. XL Specialty Ins. Co., 261 F. Supp 2d 546, 549 (S.D. W. Va. 2006). Here, the plaintiff asserts no facts in its claim to indicate whether an exception should apply. Specifically, the plaintiff's complaint makes no reference to any assurances, express or implied, given by Crouse to the plaintiff. See e.g. Costello v. Costello, 465 S.E.2d 620, 624 (W. Va. 1995) (holding that an agent's conduct during the application process may have created a reasonable expectation of insurance). Absent these facts, this Court cannot find an applicable exception to the general rule of no liability.

The Court now turns to the plaintiff's second contention, asserting liability for Crouse on the basis of general contract principles. In this action, the underlying contract states that "[b]onds must be countersigned by a licensed West Virginia resident agent." No other language in the underlying contract applies to the resident agent. Therefore, no language in the contract can be said to create liability. Similarly, in the performance bond, no

express language creates liability on the part of the countersigning resident agent.

Despite this, the plaintiff asserts that Crouse's countersignature is enough to state a plausible claim to relief against him. This Court, therefore, turns to the definition of "countersign." There is a distinction between a signature and a countersignature on a document. Black's Law Dictionary defines "countersign" as "[t]o write one's own name next to someone else's to verify the other signer's identity." Black's Law Dictionary 403 (9th ed. 2009). Accordingly, because a resident agent acting in his authority may not be sued in contract and because a countersignature is merely a verification of another signer's identity, this Court must look to some other authority in order to draw a reasonable inference that Crouse is liable.

The plaintiff next argues in opposition to Crouse's motion to dismiss that the defendant acted in violation of West Virginia Code § 55-8-7. The statute provides, in relevant part:

> The holder of any note, check, draft, bill of exchange, or other instrument of any character, whether negotiable or not . . . , in any action at law . . . , may join all or any intermediate number of the person liable by virtue thereof, whether makers, drawers, endorsers, acceptors, assignors, or absolute guarantors, or may proceed against each separately, although the promise of the makers, or the obligations of the persons otherwise liable, may be joint or several, or joint and several . . . .

W. Va. Code § 55-8-7 (2009). The legislature enacted this statute with the purpose "to destroy the distinction between joint, joint

and several, and several liabilities." State ex rel. Shenandoah Valley Nat'l Bank v. Hiett, 17 S.E.2d 878, 879 (W. Va. 1941). Viewing the law in the plaintiff's favor, this Court will assume that a performance bond may be considered an "other instrument" under the statute. Even with this assumption in the plaintiff's favor, the plaintiff's reliance on this statute is misplaced. According to the statute, any holder of an instrument may join a person that is a party to the instrument, in this case, the performance bond. Nothing in West Virginia Code § 55-8-7 creates liability for an agent who countersigns a performance bond. The language in this statute cannot be read to somehow expose a person who countersigns, a non-party to the contract, to liability.

Generally, the plaintiff characterizes the situation as a novel issue of law in West Virginia. This Court does not agree. The law on the liability of resident agents and the meaning and effect of a countersignature are well established. While the plaintiff repeatedly refers to Crouse as a "signatory" to the bond, this is not the case. As mentioned above, there is a distinction between one who signs a bond as a surety and one who countersigns a bond.

Additionally, this Court has already found in favor of the defendant with respect to the plaintiff's motion to remand under the more stringent standard of fraudulent joinder. Under that standard, a defendant must demonstrate by clear and convincing

evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged <u>any possible</u> claim against the co-defendant. <u>Rinehart</u>, 660 F. Supp. 2d at 1141. In contrast, application of Rule 12(b)(6) requires this Court to dismiss the complaint if it fails to assert "enough facts to state a claim to relief that is <u>plausible on its face</u>." <u>Giarratano</u>, 521 F.3d at 302 (4th Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 570 (2007) (emphasis added)). The plaintiff's claim against Crouse does not "raise a right to relief above the speculative level," <u>Twombly</u>, 550 U.S. at 555, and therefore must be dismissed.

## V. <u>Conclusion</u>

For the reasons stated above, the defendant Crouse's motion to dismiss Count IV as it relates to him is GRANTED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    June 22, 2010

<u>/s/ Frederick P. Stamp, Jr.</u><br>
FREDERICK P. STAMP, JR.<br>
UNITED STATES DISTRICT JUDGE