IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


MOUNDSVILLE WATER BOARD

    Plaintiff,

v.                                   Civil Action No. 5:09CV113
                                               (STAMP)

SHOOK, INC. HEAVY & ENVIRONMENTAL DIVISION,
LIBERTY MUTUAL INSURANCE COMPANY,
and GLEN P. CROUSE,

    Defendants,

and

SHOOK, INC. HEAVY & ENVIRONMENTAL DIVISION,

    Plaintiff,

v.                                   Civil Action No. 5:10CV28
                                                (STAMP)

CITY OF MOUNDSVILLE WATER BOARD,

    Defendant.


**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S**
**MOTION FOR LEAVE TO FILE ANSWER**

I.  Background

On May 29, 2009, Shook, Inc. Heavy & Environmental Division ("Shook") filed a complaint against the City of Moundsville Water Board ("Moundsville Water Board") in the United States District Court for the Southern District of Ohio, alleging breach of contract, breach of good faith and fair dealing, and unjust enrichment and quantum meruit. Then, on September 18, 2009, Moundsville Water Board filed a complaint against Shook, Liberty

Mutual Insurance Company ("Liberty Mutual"), and Glen P. Crouse,[1] in the Circuit Court of Marshall County, West Virginia alleging breach of contract, breach of duty of good faith and fair dealing, unjust enrichment and quantum meruit, breach of performance bond and violation of the West Virginia Unfair Trade Practices Act ("UTPA"). Thereafter, the defendants removed the action to this Court.

On March 2, 2010, Judge Walter Herbert Rice of the United States District Court for the Southern District of Ohio transferred Civil Action No. 5:10CV28 to this Court, stating that the Southern District of Ohio lacked personal jurisdiction over Moundsville Water Board. Moundsville Water Board then filed a motion to consolidate Civil Action No. 5:09CV113 with Civil Action No. 5:10CV28. All parties consented to the motion for consolidation.

On June 22, 2010, this Court denied Liberty Mutual's motion to dismiss. Currently before this Court is Liberty Mutual's motion for leave to file answer to which Moundsville Water Board does not object. No other party filed a response  For the reasons set forth below, the defendant's motion is granted.

## II. Applicable Law

Federal Rule of Civil Procedure 6(b)(1)(B) governs determinations of whether to extend the time for filing an answer and provides, in relevant part: "When an act may or must be done

---

[1]This Court has dismissed Glen P. Crouse as a party in this civil action by separate order.

within a specified time, the court may, for good cause, extend the time . . . on a motion made after the time has expired if the party failed to act because of excusable neglect." Excusable neglect for purposes of Rule 6(b) of the Federal Rules of Civil Procedure should be determined by the individual circumstances of each case and, depending upon the circumstances, may include inadvertence by the responding party. See Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd., 507 U.S. 380 (1993).

### III. Discussion

In its motion for leave to file answer, Liberty Mutual states that defendant Shook's answer responds to each of the substantive allegations regarding the underlying dispute. Liberty Mutual states that its answer adopts these responses in its own answer. It further contends that the filing of the answer will not prejudice the plaintiff, nor will it delay any other proceedings or impair the orderly administration of the case.

Liberty Mutual is correct that this Court's scheduling order does not explicitly address the date for answers. However, Federal Rule of Civil Procedure 12(a)(4)(A) provides that "if the court denies the motion [to dismiss] . . . the responsive pleading must be served within 14 days after notice of the court's action."

Under the particular circumstances of this case, the defendants have shown excusable neglect, and their motion for leave to file an answer should, therefore, be granted. The factors to be considered in deciding whether to allow a late filing under the

excusable neglect standard of Rule 6(b) of the Federal Rules of Civil Procedure include: the danger of prejudice to the non-moving party, the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.  See Pioneer, 507 U.S. at 395.

Here, Liberty Mutual was unaware that it failed to file an answer following the denial of their motion to dismiss.  The plaintiff does not oppose the filing of the answer and this Court finds that the plaintiff will not be prejudiced by permitting the answer to be filed.  Further, the impact on the judicial proceedings is minimal, if any.  These circumstances, therefore, warrant granting the defendants' motion.

## IV.  Conclusion

For the reasons stated above, the defendant's motion for leave to file answer is hereby GRANTED.  The Clerk is DIRECTED to file the answer, which Liberty Mutual filed as a proposed answer, Docket No. 73.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    February 14, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE